UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE JORDAN,

        Plaintiff,                               Case No. 10-11833
                                                       HON. BERNARD A. FRIEDMAN
vs.                                                          MAG. JUDGE VIRGINIA M. MORGA

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND AFFIRMING THE DECISION OF THE COMMISSIONER**

**I.    Introduction**

       This matter is before the Court on Magistrate Judge Virginia M. Morgan's January 14, 2011, Report and Recommendation ("R & R"). Magistrate Judge Morgan recommended that the Court grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment. Plaintiff filed an objection to the R and R, and Defendant filed a response to Plaintiff's objection. The Court has reviewed this matter de novo as required under FED. R. CIV. P. 72(b) and will accept and adopt the Magistrate Judge's R & R.

       As a result of its de novo review, the Court finds that the Magistrate Judge's recitation of the facts in this matter is accurate. Accordingly, the Court will adopt the Magistrate Judge's factual record, contained in the R&R at pages 1 and 2.

**II.     Analysis**

Plaintiff seeks judicial review of the Commissioner's decision denying Plaintiff's claim for Social Security Disability and Supplemental Security Income benefits.  This matter is before the Court on cross motions for summary judgment.

Plaintiff applied for Supplemental Security Income Benefits and Disability Insurance Benefits on May 23, 2007, claiming disability as of December 1, 2006.  Plaintiff's benefit applications were denied on September 13, 2007.  She filed a timely notice for a hearing, and on August 24, 2009 a hearing was held before an Administrative Law Judge ("ALJ"), during which Plaintiff was represented by counsel.  The ALJ found that Plaintiff was not "disabled" within the meaning of the Social Security Act.

After receiving the ALJ's unfavorable decision, Plaintiff appealed to the Appeals Council, but the Appeals Council denied her request for review.  Subsequently, Plaintiff filed the instant complaint for judicial review of the denial of benefits pursuant to 42 U.S.C. § 405(g).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record."  Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005).  If supported by substantial evidence, the Commissioner's findings of fact are conclusive.  42 U.S.C. § 405(g).  Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or "because there exists in the record substantial evidence to support a different conclusion."  McClanaham v. Comm'r of Soc. Sec.,

474 F.3d 830, 833 (6th Cir. 2006). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994).

Plaintiff makes three challenges on appeal: 1) that the ALJ failed to properly assess her fibromyalgia when she did not evaluate Plaintiff's symptoms under the Social Security rules and regulations; 2) that the ALJ did not give controlling weight to her treating physician; and 3) that the ALJ's residual functional capacity assessment did not accurately portray her physical and mental impairments and the substantial treatment of both.

Plaintiff's arguments are without merit. First, as the R and R states, the ALJ's decision to discount Plaintiff's claim that she suffers from fibromyalgia is supported by substantial evidence. As noted, the medical evidence relied upon by Plaintiff to support her argument was not provided to the ALJ, and this court cannot consider evidence that was not considered by the ALJ. Plaintiff's objection that the Magistrate Judge considered evidence not considered by the ALJ is unavailing, as such evidence was only considered in a footnote, as dicta, and did not play a role in the actual substantive determination on this issue.

Next, as to Plaintiff's argument that the ALJ did not give controlling weight to Plaintiff's treating physician, the R and R is correct in noting that the ALJ properly refused to give Dr. Lachover's opinion controlling weight because Dr. Lachover was not capable of presenting a longitudinal picture of Plaintiff's impairments and, as a result, should not be considered to be a treating source. Further, as noted in the ALJ's findings, Dr. Lachover's statement regarding the severity of Plaintiff's symptoms did not have support from corresponding treatment records and, accordingly, could not be afforded significant weight by the ALJ. Further, while Dr. Lachover

may have prescribed Plaintiff antipsychotics on a regular or semi-regular basis, the medical records show only that he saw Plaintiff in March and May of 2008, which is not sufficient to support a finding that he had a "longitudinal picture" of Plaintiff's impairment and could be considered a treating physician.

Finally, as to Plaintiff's third argument in support of summary judgment that the ALJ's residual functional capacity assessment did not accurately portray her physical and mental impairments and the substantial treatment of both, the Court finds that the ALJ incorporated all of the work restrictions that were supported by substantial evidence in the record into the residual functional capacity assessment. Plaintiff objects that the ALJ does not factor in Plaintiff's suffering from schizoaffective disorder or Plaintiff's moderate difficulties with daily activities, social functioning or maintaining concentration, persistence and pace. However, the Court finds that the ALJ properly considered Plaintiff's mental impairment when evaluating work-related limitations, even if the ALJ did not specifically use the term "schizoaffective disorder." Further, the ALJ incorporated a number of other restrictions to accommodate Plaintiff's concentration, persistence, pace and stress limitations, and the ALJ thoroughly discussed the evidence that she relied on in making her findings on Plaintiffs' residual functional capacity assessment.

Plaintiff's arguments are unavailing, and the Court affirms the findings of the Commissioner.

### III. Order

Accordingly, for the reasons stated herein,

IT IS ORDERED that Magistrate Judge Morgan's Report and Recommendation, dated January 14, 2011, is hereby accepted and adopted.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that the findings of the Commissioner be AFFIRMED.


Dated: March 11, 2011                S/Bernard A. Friedman_____
       Detroit, Michigan             BERNARD A. FRIEDMAN
                                     UNITED STATES DISTRICT JUDGE